LAW OFFICE OF MARK B. SIMPKINS
NORMAN RASMUSSEN, ESQ. [CSBN 30583]
MARK B. SIMPKINS, ESQ. [CSBN 175084]
11 Golden Shore, Ste. 430
Long Beach, CA 90802
Tel.: 562-436-9631
E-mail: mark_simpkins@hotmail.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>KAY MENDOZA, an individual, and Does 1 - 10, inclusive,<br><br>  Defendants. | **CASE NO.** 2:19-cv-07591-SK<br><br>**ANSWER TO COMPLAINT**<br><br>Assigned for all purposes to: Hon. Magistrate Judge Steve Kim<br><br>Complaint filed: August 31, 2019 |

TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

Defendant Kay Mendoza, hereby responds to the Complaint of Plaintiff as follows:

Defendant admits each of the allegations in the verified complaint except the following paragraphs, which correspond with the paragraph numbers of the Complaint:

1. Defendant lacks sufficient information and/or facts to admit or deny the allegations contained at this paragraph of the Complaint, therefore, such allegations are DENIED in their entirety.

---

**ANSWER OF DEFENDANT KAY MENDOZA**
1

2. Defendant does not presently have the facts or information regarding legal ownership and title of the property to admit or deny this allegation of the Complaint, and will have to obtain a copy of the recorded deed to confirm ownership. Accordingly, Defendant denies such allegations until she is able to obtain and refer to a copy of the recorded deed.

3. Defendant does not presently have the facts or information regarding legal ownership and title of the property to admit or deny this allegation of the Complaint, and will have to obtain a copy of the recorded deed to confirm ownership. Accordingly, Defendant denies such allegations until she is able to obtain and refer to a copy of the recorded deed.

4. Defendant does not know whether Plaintiff lacks the knowledge alleged in this paragraph, and also objects to the inclusion of "Doe" Defendants which are improper in this venue. Accordingly, Defendant denies the allegations in this paragraph in their entirety.

5. Defendant admits that this Court has jurisdiction in this matter to grant injunctive relief only, to the extent that such relief is available, under the ADA. All other allegations in this paragraph are denied.

6. Defendant admits that this Court has discretionary supplemental jurisdiction over related State Law claims.

8. Defendant lacks sufficient information and/or facts to admit or deny the allegations contained at this paragraph of the Complaint, therefore, such allegations are DENIED in their entirety.

11. Denied.
12. Denied.
13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied.
18. Denied.
19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant realleges and incorporates all prior responses to the allegations in the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant realleges and incorporates all prior responses to the allegations in the Complaint.

33. Denied.

34. Denied.

35. Denied.

**AFFIRMATIVE DEFENSES:**

**First Affirmative Defense:**

Plaintiff and his attorney are High-Frequency Litigants as defined by Code of Civil Procedure Sections 425.50 and 425.55, and are required to comply with the laws governing High-Frequency Litigants, including, without limitation, identifying Plaintiff as such in the Complaint.

///

///

///

///

**Second Affirmative Defense:**

Plaintiff and his attorney have committed a fraud upon the Court in the filing of this action by seeking, and obtaining a fee waiver when Plaintiff and his attorney know that Plaintiff does not qualify for a waiver of fees under the governing laws, rules and regulations. Accordingly, the Complaint should be stricken.

**Third Affirmative Defense:**

Plaintiff has failed to establish that he was denied full and equal access to a public accommodation on any occasion. Among other things, Plaintiff was not actually patronizing the business at issue, but is a professional plaintiff and to the extent that Plaintiff actually went to the premises, did so solely for the purpose of filing this action.

**Fourth Affirmative Defense:**

Plaintiff lacks standing to challenge barriers in places of business he did not visit prior to the filing of the initial complaint.

**Fifth Affirmative Defense:**

Plaintiff's claims are barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure Sections 338, 339.1, 340(1), and 343, California Government Code Sections 12960 and 12965(b), California Labor Code Section 98.7, and California Business and Professions Code Sections 17208.

**Sixth Affirmative Defense:**

Plaintiffs have failed to state a claim under Unruh and the CDPA as against Defendant.

**Seventh Affirmative Defense:**

Plaintiff's claims are barred for failure to join necessary or indispensable parties, namely the City of Los Angeles who owns the property where the alleged wheelchair access ramp would need to be built.

///

///

///

///

**Eighth Affirmative Defense:**

Plaintiff's claims are barred because, with respect to any particular architectural element of any business that departs from accessibility guidelines, Defendants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**Ninth Affirmative Defense:**

Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**Tenth Affirmative Defense:**

Plaintiff's claims are barred because the barrier removal Plaintiff seeks pursuant to the ADA in businesses built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9), a fact which has been confirmed with the City of Los Angeles Department of Building and Safety.

**Eleventh Affirmative Defense:**

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

**Twelfth Affirmative Defense:**

Plaintiff's claims are barred because the alterations made by Defendants are sufficient in that they satisfy the "to the maximum extent feasible" standard.  28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

**Thirteenth Affirmative Defense:**

The Complaint does not satisfy the requirements of Civil Code Section 55.54 or Code of Civil Procedure Section 425.50, including, without limitation, stating the following:

///

(a)(1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.

(2) The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion.

(3) The date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred.

(4) (A) Except in complaints that allege physical injury or damage to property, a complaint filed by or on behalf of a high-frequency litigant shall also state all of the following:

    (i) Whether the complaint is filed by, or on behalf of, a high-frequency litigant.

    (ii) In the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint.

    (iii) In the case of a high-frequency litigant who is a plaintiff, the reason the individual was in the geographic area of the defendant's business.

    (iv) In the case of a high-frequency litigant who is a plaintiff, the reason why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose.

(b)(2) A complaint alleging a construction-related accessibility claim filed by, or on behalf of, a high-frequency litigant shall state in the caption "ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5."

///

(c) A complaint alleging a construction-related accessibility claim shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. By signing the complaint, the attorney or unrepresented party is certifying that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

(1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**Fourteenth Affirmative Defense:**

Plaintiff's claims that the premises were designed in violation of the ADA or Title 24 are barred to the extent the premises were designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

**Fifteenth Affirmative Defense:**

Defendants have made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

**Sixteenth Affirmative Defense:**

Plaintiff has failed to mitigate his damages, if any.

///

///

///

**Seventeenth Affirmative Defense:**

Plaintiff's claims under the CDPA and Unruh Act are barred to the extent that they interfere with Defendants' compliance with laws and regulations that are equally applicable to all persons.

**Eighteenth Affirmative Defense:**

The imposition of statutory minimum damages in this matter would violate Defendants' Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

**Nineteenth Affirmative Defense:**

The imposition of punitive damages in this matter would violate Defendants' right to due process of law in violation of the California Constitution and the United States Constitution.

**Twentieth Affirmative Defense:**

Defendants are not legally responsible for property that is not within their possession, custody or control.

**PRAYER:**

WHEREFORE, Defendant respectfully request that judgment be entered in her favor and for an award of costs, attorneys' fees, and such other relief as the Court deems appropriate.

Dated:     October 18, 2019          LAW OFFICE OF NORMAN RASMUSSEN

                                     By   *Mark Simpkins*
                                     Mark B. Simpkins, Attorneys for Defendant
                                     Kay Mendoza